ROBERT BOWIE, ROBERT W.. BOWIE, GEORGE F. BOWIE, JAMES J. BOWIE, JOHN H. SKINNER AND JOHN S. SKINNER *vs*.THE MARYLAND AGRICULTURAL COLLEGE.

### *Clerk of the Circuit Court—Pleading—Set-off and Former Recovery.*

The Clerk of the Circuit Court is not authorized to withhold the record of a case, in which an appeal has been taken, until the fees for the same are paid or secured to be paid; and the omission of the clerk for that reason to transmit the record within the time prescribed by law, will not justify the dismissal of the appeal.

In an action against several defendants upon a joint note, a plea of set-off was answered by a plea of former recovery setting out that the same account in bar, had been pleaded in another action by the same plaintiff against one of the defendants, in which the verdict and judgment of the Court had been for the plaintiff. This was put in issue by the plea of *nul tiel record*, upon which the defendants rested. The Court found such record and adjudged it amounted to a former recovery. HELD:

That the finding of the existence of the record established that the matter pleaded as a set-off, had been adjudicated in the former action and found against the defendant, and consequently could be no bar to a recovery in this action.

APPEAL from the Circuit Court for Prince George's County.

This suit was instituted on the 2d of April, 1860, by the appellee against the appellants, upon their joint and several note, for $1,819, dated 14th January, 1858, payable on demand to the order of the President of the Board of Trustees of the Maryland Agricultural College, in settlement of a balance found to be due to the trustees by the appellant, Robert Bowie; and by the President endorsed to the appellee. The character of the pleadings is sufficiently set forth in the opinion of the Court.

*Exception :* After the plaintiff had proved the making of the note sued on, the defendants offered evidence in support of the account in bar filed by them. The plaintiff then, to sustain the issue on the plea of *nul tiel record,*

offered in evidence the proceedings and record of a judgment obtained by the plaintiff against the defendant, Robert Bowie, at April Term, 1863, as a bar to the offering of the account in bar, filed in this case, to the jury.

The record offered showed that suit was brought by the Maryland Agricultural College July 15th, 1859, against Robert Bowie on a promissory note for $500, dated November 16th, 1857, drawn by the defendant at six months, payable to the order of himself, as agent of the Commissioners of the College, in full of his subscription to the stock of the college, and endorsed by him as agent. The defendant pleaded : 1st. Payment.   2d. *Set-off* of the same account pleaded *in the same manner* as in the present case.   The plaintiff replied to the account so pleaded in bar : 1st. *Non assumpsit.*   2d. That the said claim was no bar to the plaintiff's recovery in that case, and could not legally be relied on to defeat the same, or pleaded as a set-off and claimed to be discounted from the plaintiff's claim.   On these replications issues were joined, and the verdict of the jury on them was : 1st. That the plaintiff did not assume and promise to pay the account in bar, of the said defendant ; and 2d. That the said claim of the said defendant was no bar to the plaintiff's recovery in that case, and could not legally be relied upon to defeat the same, or pleaded as a set-off or claimed to be discounted from the plaintiff's claim, and they assessed the damages sustained by the plaintiff by reason of the non performance of the promises, &c., of the defendant at $662, current money.   And on that verdict a judgment for that sum was rendered in favor of the plaintiff April 9th, 1863. The record so offered in evidence contained also an exception taken by the plaintiff to the ruling of the Court in granting a prayer of the defendant, but as the verdict and judgment were in favor of the plaintiff, no appeal was taken.

The plaintiff further proved by the Court that on said

former trial the defendant, Robert Bowie, gave evidence to the jury of the services rendered by him, and charges as set forth in said account in bar, and relied on the same as a set-off to the plaintiff's claim as laid in the declaration in that suit, and proved that the defendant in that action, and the said Robert Bowie, a defendant in this case, were one and the same person. And the plaintiff insisted before the Court that the said record of judgment and the evidence aforesaid was a bar to any right of recovery on the said account in bar, filed in this action, and the Court being of the same opinion, gave judgment for the plaintiff on the said plea of former recovery, and of *nul tiel record.* To this opinion and judgment of the Court the defendants excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and WEISEL, J.

*Oliver Miller* and *Thomas F. Bowie,* for the appellants.

The question presented is, whether the appellants are estopped in *this case* from relying by way of set-off, upon the account pleaded in bar, by reason of any supposed decision thereon in the former suit between the appellee and Robert Bowie. The general rule allowing a former recovery to be either pleaded in bar or given in evidence by way of estoppel is well settled, and is this: "A verdict and judgment upon the merits, in a former suit, is, in a subsequent suit between the *same parties,* where the cause of action, damages or demand is *identically the same,* conclusive against the plaintiff's right to recover." *Beall vs. Pearre, Adm'r of Brown,* 12 *Md. Rep.,* 550. The present case does not come within this general rule ; for—

1st. It is essential to the successful assertion of this defence that the *parties* in the two suits should be the *same* or in *privity.* It is a fundamental principle of the

doctrine of estoppels that they must be mutual; the estoppel of a judgment only binds parties and privies, and does not extend to those who are strangers in person or estate. *Alexander vs. Walter et al., Lessee,* 8 *Gill,* 239 ; 2 *Smith's Lead. Cases,* 683, 685.

The former suit was between the appellee and Robert Bowie alone on his *individual note.* The present suit is between the appellee and Robert Bowie *and five others, on their joint and several promissory note.* The five other defendants in this suit were neither parties nor privies to the former suit, nor could they by notice or any process known to the law be brought within the reach of the estoppel created by that judgment. This objection it is submitted is fatal.

. 2d. But there is another equally fatal objection. The first suit against Bowie alone was on the note for $500. The present suit against him and others is on another note for $1,819. To the first suit Bowie pleaded as off-set his account for $6,000, or so much thereof as is equal to the sum of money mentioned in the declaration in that case. Now the effect and consequence of all verdicts and judgments must be reciprocal in their character, and the one party can *gain* what the other might have *lost,* and to that extent only. In the first suit the jury and Court could, in a legal contemplation, only pass on so much of the account in bar as would cover the note for $500, that is to say, only on $500 of the account in bar. Technically speaking, (and this whole case is one purely legal and technical,) that was the only *direct issue* in that first suit, because it was not necessary to give in evidence the whole of the account, $6,000,) *but only so much of it* as was *necessary* to bar the plaintiff's claim. The Court and jury in that case had in fact no *jurisdiction* to pass on the *whole* account. Only so much of it as was necessary to cover the plaintiff's claim was really in issue, for it is quite certain that if the verdict had been in favor of the defend-

ant, his recovery on the account in bar would have been to the extent of $500 *only;* no judgment could have been given in his favor for the balance of the account if found due by the jury, the Court having in such a case no jurisdiction to give judgment for the defendant for the balance, but only to give such judgment in his favor as would defeat the plaintiff's claim. It would therefore follow, that in the event of a second suit brought against him by the same plaintiff on *another and a different* cause of action, he might still rely on the *same account* in bar as a *further off-set* to the second suit, and to the extent of the plaintiff's claim in such second suit, if there still remained a balance due him on the account. If this be so, and it is submitted that it must be so on the ground that the defendant only obtained in the first suit the benefit of a part only of his account, that being in law the only real issue in that case, it would seem to follow that the legal consequences of the first suit and the verdict and judgment therein, can inure to the benefit of the *plaintiff* in the first suit in the event of a recovery by him to the extent of the issues joined and tried, and which the Court and jury had jurisdiction to try, and to that extent only; that is to say, it could only operate upon the account in bar to the extent of the amount claimed by the plaintiff in that suit and recovered by him therein. In this view of the case, therefore, the second fundamental requisite to support the defence of a former recovery, viz: *identity of cause of action* is wanting.

*C. C. Magruder* and *William H. Tuck,* for the appellee, contended:

1st. That in the form in which this issue in law was presented by the defendants' own pleadings, the Court could have pronounced no other judgment, for the only question was, whether the subject matter (the account in bar) had been litigated between the appellee and Robert

Bowie, and decided against him? *Hardy et al. vs. Coe, use of Brooke,* 5 *Gill,* 189. Whether all the present appellants (defendants below) were or were not parties to that suit, formed no part of the issue before the Court. The plaintiff averred, that in a suit against the appellant, Robert Bowie, that account had been disallowed; the defendants replied, that there was no record of any such suit. If the Court found there was such a record against Bowie, then the plaintiff was entitled to judgment on that issue; and the legal consequence of such judgment would be, that the account was no bar to the plaintiff's recovery.

It will be observed that the insufficiency of the plea as a bar is not raised by demurrer; if a plea be bad, and the opposite party take issue, he admits its sufficiency as a bar, if the matter of the plea be proved. This is the rule at law and in equity. *Danels vs. Taggarts's Adm'r,* 1 *G. & J.,* 311.

Nor will evidence be rejected, which is offered in support of a plea, not constituting a bar to the action, although the plea might have been demurred to. *Mitchell Adm'r, vs. Williamson's Ex'rs,* 9 *Gill,* 71, 77.

If the plea of former recovery was bad, as shewing a recovery against one only, of the defendants, they might have demurred; or they might have replied, that the two accounts were not the same, or not due as between the same parties. They waive these defences, by taking issue before the Court on the existence of the record.

2d. But even if the effect of the judgment as an estoppel, be involved in this appeal, it is insisted, that according to modifications of the law, introduced for the advancement of justice, by considering as closed matters once put in issue and solemnly decided, this record does operate by way of estoppel against these appellants.

The former judgment estopped Robert Bowie from relying on the account in bar. If the defendants had severed, and Bowie had pleaded this account, the former recovery

would have been conclusive as against him. How stands the defence, when all the defendants claim the same benefit of the account, not as a debt due to them, but as due to Robert Bowie alone? If they thus defend themselves through their principal, are they not concluded by whatever would bind him by way of estoppel? Pleaded as a debt due to Bowie alone, they are bound by any reply that would bar him. Pleaded as a debt due to themselves jointly, the account itself disproves that right, because on its face, it shows indebtedness to Bowie alone. *Hammond vs. O'Hara,* 2 *H. & G.,* 111.

A set-off must be between the same parties. *Annan vs. Houck,* 4 *Gill,* 325; *Milburn vs. Guyther,* 8 *Gill,* 93. The plaintiff therefore might have objected to it under the plea of non-assumpsit; but this did not take away the right to rely on the former recovery; yet, when the plaintiff seeks to hold the defendants to the legitimate consequences of their own form of pleading, they insist, that there is no sort of privity between the principal and his sureties.

Many instances may be shewn, where parties are bound by judgments against others, as exceptions to the general rule of estoppel. A judgment recovered against a principal for loss, resulting to the plaintiff from the neglect of an agent, is admissible in an action by the principal against his agent, to shew the measure of damages. *Middlekauff vs. Smith,* 1 *Md. Rep.,* 341.

Wherever a party is bound by estoppel, those claiming under or through him, will also be bound, whether they be privies in blood, in estate, or in law. *Cecil vs. Cecil et. al.,* 19 *Md. Rep.,* 72.

A verdict and judgment against an unmarried woman, binds herself and a husband to whom she is afterwards married. *Outram vs. Morewood,* 3 *East.,* 346.

A judgment in trespass against one party, is conclusive evidence in another suit, for a like trespass by the same plaintiff against the defendant in the first suit, *and others,*

justifying through him. *Strutt vs. Bovingdon,* 5 *Esp.,* 56.

This account can be received in behalf, and for the benefit of all these defendants, (if at all,) only on the ground that they, being sureties, are entitled to demand by way of set-off, whatever their principal could have demanded; that is, that they succeed to his rights as *quasi* assignees. If this ground is assumed, they are bound. 1 *Greenl. Ev.,* sec. 536; *Adams vs. Barnes,* 17 *Mass.,* 365, 368.

3d. The decision of the point depends on the identity of the matter pleaded as an estoppel, and not on the plaintiff's causes of action in the two cases; the one not dealing with the two notes on which the suits were brought, but with the accounts in bar. *Garrott vs. Johnson,* 11 *G. & J.,* 173; *Strutt vs. Bovingdon,* 5 *Esp.,* 56; *Outram vs. More-wood,* 3 *East.,* 346.

4th. If the Court erred, the judgment will not be reversed; the record shows, that on the other defences to the account in bar, the verdict was against the defendants; no matter how the question of *nul tiel record* may be decided, if the plaintiff never promised to pay the account, or if the cause of action on the account was barred, the defence of set-off must fail, and as these issues of fact were found against the defendants, the Court will not reverse the judgment.

The exception shows that the defendants did offer proof of the account in bar; if this were not so, it would be presumed. 1 *Greenl. Evidence,* sec. 19; *Cross vs. Hall,* 4 *Md. Rep.,* 426; *Hurst & Berry vs. Hill,* 8 *Md. Rep.,* 399; *Mudd's Adm'r vs. Harper,* 1 *Md. Rep,* 110; *State, use of Johnson and Wife, vs. Green,* 4 *G. & J.,* 381.

The account in bar not shewing indebtedness by the plaintiff to all the defendants, and they not claiming as assignees, the record would not be sent back, because it is manifest they cannot obtain the benefit of it. *Dilley & Dilley vs. Walker,* 17 *Md.,* 340; *Dilley and Walker vs. Roman and Darrow,* 17 *Md. Rep.,* 340.

WEISEL, J., delivered the opinion of this Court.

The motion to dismiss this appeal, because the record was not transmitted to this Court within the time prescribed by law, was submitted upon the affidavits of the Clerk and Deputy Clerks of the Circuit Court for Prince George's County, from which it appears that the delay arose from an order of the clerk not to make out the record until the fees for the same were paid or secured to be paid, and that they still were due and unpaid. We are referred to the Code of Public General Laws, Article 5, sections 29 and 30, to support this action or justification of the clerk, and to show that the default was that of the appellants or their counsel. We do not discover in these sections, or elsewhere, any provisions authorizing the clerk to withhold the record until the fees are paid; and as timely orders were given by the appellants for making out and transmitting the record, we think the delay arose from the omission of the clerk, and that the appeal cannot therefore be dismissed.

The plaintiff declared upon a joint demand and counted upon the promissory note of the defendants, (the appellants in this cause,) and also for money lent, paid out and expended, and money had and received. To the pleas of payment and set-off, the plaintiff replied limitations and former recovery to the set-off. There was a rejoinder of *nul tiel record* to the former recovery, and the issue on this seems by the record to have been put to the jury, with the other issues in the case.

The set-off as pleaded was that of a single demand of one of the defendants, Robert Bowie; but it was not when put in, nor was the evidence offered to support it objected to on that account, but was answered by a plea of former recovery, setting out that the same account in bar had been pleaded in another action by the same plaintiff against the said Robert Bowie alone, in which the verdict and judgment of the Court were for the plaintiff. This

was put in issue by the plea of *nul tiel record,* and that issue was properly for the Court. The Court found such a record and adjudged it amounted to a former recovery.

The defendants excepted to this opinion and judgment of the Court, and it forms the only matter of inquiry for this Court.

Whatever irregularities arose which might have been taken advantage of by demurrer, or objections to testimony, do not stand in the way of this inquiry. The only issue made by the pleadings on this branch of the case, was the existence of the record, and upon that the defendants rested. If found to exist, its legal effect followed as a matter of course. It showed that the matter pleaded as a set-off had been adjudicated in another trial, and found against the defendant, Robert Bowie, in whose behalf it had been offered in the present case, and consequently could be no bar in this. The judgment should therefore be affirmed.

*Judgment affirmed.*

(Decided 26th June, 1867.)